ASBURY vs. FLESHER.

At the request of B, one of a firm composed of A & B, C becomes surety for A, on a note given by A, in his individual character, the proceeds of which go to the benefit of the firm. Held:

1. That such request does not make B liable to C, for money paid by him on such note.

2. Nor would he be liable in such case without an express promise to pay C.

## APPEAL from Dade Circuit Court.

HENDRICK, *for Appellant.*

1st. All the evidence about the note in bank and the payment of it, ought to have been excluded, unless the note had been produced in court.

2nd. The court ought not to have given the 2nd and 3rd instructions asked for by the plaintiff, because there was no evidence to base them on. No proof having been made that Asbury or the firm ever expressly requested Flesher to sign the note or pay it, and because, although Asbury and Shortridge were partners, yet the note was the note of Shortridge and his securities, and not the note of the firm, and although the money may have been used in carrying on the partnership business, this would make Shortridge the creditor of the firm to the amount so used, and the firm liable to him therefor, and not to the bank or the securities of Shortridge. The court therefore, in giving those instructions, 2nd and 3rd, manifestly erred.

The court ought to have given the instuction asked for by defendant, and refused by the court: because the act of Shortridge did not bind Asbury in reference to the note in bank, unless it had been made appear that it was intended to have a joint operation, and that upon the face of the note, and refusing to give this instruction, the court erred.

3rd. The court ought to have granted a new trial. For all these errors the appellant insists that the judgment of the Circuit Court ought to be reversed.

STRINGFELLOW, *for Appellee.*

1st. The money having been paid at the request of Asbury, he was bound, although not a party to the note. The giving the note at his request, and for his benefit, created an obligation on him to pay.

2nd. The objection to the want of a bill of items came too late; indeed, there was no necessity for any written statement. It was proper for the court to permit the plaintiff to supply the loss of the account upon the affidavit of the clerk.

NAPTON, J., *delivered the opinion of the Court.*

This was a suit originally brought before a justice of the peace, for money paid to the use of the firm of Shortridge & Asbury, and at their request.

Upon the trial in the Circuit Court, it appeared, that a note or bill, executed by Shortridge and endorsed by Flesher, had been discounted at the Branch Bank in Springfield; that this note was not paid at its maturity by Shortridge, but that Flesher paid about $67. There was evidence tending to show, that at the time this note was drawn, Shortridge and Asbury were in partnership in a dramshop or grocery, and that the proceeds of this note were applied to the purchase of liquors for the joint concern. There was some evidence tending to show that one Scott had gone Shortridge's security on another note in Bank, at the

special request of Asbury, and there was also evidence from which it might be inferred that Asbury had requested Flesher to put his name on the note in question.

The court gave several instructions, the substance of which was, that if the jury were satisfied of the partnership between Asbury & Shortridge, at the time the note was executed, upon which Flesher's liability arose, and that the proceeds of the note or bill were used in the partnership concern, and that Asbury requested Flesher to put his name on the paper, Asbury was liable in this action, although the note was executed by Shortridge alone, and not by Asbury, or in the name of the firm.

The defendant insisted and asked instructions to this effect: that a joint liability of Asbury and Shortridge could not exist, unless it appeared on the face of the note that both were intended to be bound.

The verdict and judgment were for the plaintiff.

I am unable to see how Asbury's request to Flesher could make Asbury responsible. If A requests B to go security for C, alledging as a reason for his interest in the matter, that C is indebted to him, does this request make A responsible, because it appears that the money was appropriated by C, wholly or in part to A's benefit? It would seem strange that the security could draw any such inferences. Here it appears that Asbury & Shortridge were in partnership; that Shortridge executes a note or bill, (for the instrument is not in evidence, and its particular form is not given,) not in the name of the firm, but in his own name alone, and that Flesher put his name on the note as security, and that Flesher does so at the particular solicitation of Asbury. What right has he to suppose that Asbury is bound. The note does not appear to be executed by him, or purport to be a partnership note. No doubt, if the money raised on the note be used for the benefit of Asbury, either wholly or in part, that fact would form a good consideration to support an express promise to pay it. But a request to the security to sign the note is a very different matter from a promise to indemnify him, in the event he has the money to pay. The court put the case to the jury upon the sole ground of a request on the part of Asbury.

There was very little, if any proof, of such a request; but that was a matter for the jury. We think that the instruction was wrong. The facts assumed would only make Shortridge a creditor of the firm to the amount thus advanced by him upon his separate credit, and Shortridge's security would be entitled to stand in his shoes. But the condition of

the firm does not appear, and it may be, from other transactions, that Shortridge would prove to be the debtor of the firm.

This is an attempt to hold Asbury responsible for a debt which he never contracted, either individually or as a partner of the firm of Asbury & Shortridge, upon the sole ground, that he requested the plaintiff to assume the responsibility, which he did, and that by that assumption a benefit accrued to the partnership of which the defendant was a member. These facts might lay the foundation for a valid promise to pay the debt thus assumed by the security; but they do not make the defendant responsible without such express promise. There was no proof of any such promise, nor did the instructions proceed upon the hypothesis that such promise was necessary.

Judgment reversed.